LYMAN A. BELKNAP v. CATHERINE J. VAN RIPER and Others.

May 17, 1899.

Nos. 11,544—(72).

Foreclosure of Mortgage—Final Decree under G. S. 1894, § 6066—Execution for Recovery of Possession.

> In an action to foreclose a mortgage, about a month after the expiration of the time allowed for redemption, no one having redeemed, and the mortgagor still withholding possession from the purchaser, the court made a final decree, pursuant to G. S. 1894, § 6066, in which was incorporated a provision that the purchaser have execution for the recovery of the premises. *Held*, that it was not error to incorporate this provision into the final decree.

Appeal by defendant Catherine J. Van Riper from an order of the district court for Hennepin county, Lancaster, J., denying her motion to vacate part of the final decree and to set aside the execution issued thereunder. Affirmed.

*Robert R. Odell*, for appellant.

*Chas. J. Bartleson*, for respondent.

MITCHELL, J.

This was an action to foreclose a real-estate mortgage executed by the defendant. After the expiration of the time allowed for redemption, and no one having redeemed, the court, upon the application of the purchaser (the plaintiff), granted a final decree, as provided by G. S. 1894, § 6066, adding thereto a provision "that said purchaser have execution for the recovery of possession of said premises." Over four years afterwards the defendant, without any showing, except that the plaintiff had caused execution to be issued directing the sheriff to evict her and put the plaintiff into possession, and that she believed that the final decree was unauthorized by law, moved the court to vacate and set aside that part of it which provided that the purchaser have execution for the recovery of the premises. The court denied the motion, and defendant appealed.

About all that we deem necessary to say is that, in our opinion,

the appeal is wholly without merit. Plaintiff was entitled to possession. He was entitled to a writ of assistance or other legal process in the foreclosure action itself to compel delivery of possession to him. G. S. 1894, § 6072. So far as we can discover, the only point made by appellant is that the application for execution should have been made after the final decree, and that the court had no right to order execution contemporaneously with, and as a part of, the decree. There is nothing in section 6072 requiring any such construction. All the facts warranting the order under this section were presumably before the court at the time the final decree was rendered. The time for redemption had expired more than a month before that date, and the defendant still withheld the possession from the plaintiff. Under the circumstances, there was neither error nor prejudice in the court's incorporating the order for execution in the decree, instead of unnecessarily requiring the plaintiff to make another and subsequent application for it.

Order affirmed. .